**FILED**
**Jan 28, 2026**
**08:29 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **ERICA LEE,** | ) | **Docket No. 2025-80-1847** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMAZON,** | ) | **State File No. 54071-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | |
| **Carrier.** | ) | **Judge Shaterra R. Marion** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on January 20, 2026. Ms. Lee requested additional medical and temporary disability benefits for her alleged work injury. Amazon denied her request because her work injury did not cause her current symptoms. The Court agrees and denies the requested benefits.

### History of Claim

Ms. Lee injured her shoulder on July 11, 2023, when a cart jerked her arm. After going to the hospital and a clinic, she selected orthopedist Dr. Riley Jones from a panel. In November 2023, Dr. Jones diagnosed a partial rotator cuff tear and arthritis in her shoulder. He gave her an injection and ordered physical therapy. At each visit, Dr. Jones returned Ms. Lee to work with restrictions. Dr. Jones placed Ms. Lee at maximum medical improvement on April 18, 2024, with a 4% impairment rating.

Soon after the work incident at Amazon, Ms. Lee began working for another employer, Allied. She worked as a security guard and was involved in an altercation when she tried to prevent one of her coworkers from assaulting a patient.

Amazon questioned whether Ms. Lee's diagnosis and resulting impairment were causally related to the incident at Amazon. It asked Dr. Jones to complete a questionnaire addressing causation. Dr. Jones stated he found Ms. Lee's rotator cuff tear to be "more of

a degenerative tear than traumatic." He also noted that he did not know about Ms. Lee's other job or the altercation that occurred there when he placed her at maximum medical improvement.

Dr. Jones concluded that, to a reasonable degree of medical certainty, the 4% impairment rating was not related to her Amazon injury. He stated her injury appeared "to be >51% degenerative." Amazon then denied her claim.

Ms. Lee sought unauthorized treatment from Dr. David Buechner. He diagnosed a rotator cuff tear, shoulder pain, and shoulder stiffness, and he ordered physical therapy.

Addressing causation, Dr. Buechner noted "clearly chronic findings related to the right shoulder." He wrote that the rotator cuff tear "may also have an acute aspect." He concluded that her "acute right shoulder injuries were, within a reasonable amount of medical certainty, caused by the [Amazon work] accident on 7/11/23."

Neither party offered much evidence on the issue of temporary disability benefits. Ms. Lee testified that she did not receive temporary total disability benefits between July and September 2023. She also stated that she received her final temporary total disability payment on November 20, 2024. Amazon filed a temporary total disability ledger, which shows payments from September 14, 2023, to November 18, 2024.[1]

## Findings of Fact and Conclusions of Law

Ms. Lee has the burden of proving she is likely to prevail at a hearing on the merits for her request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To recover medical benefits, Ms. Lee must show a physician found to a reasonable degree of medical certainty that her work injury contributed more than 50% in causing her current need for medical treatment, *considering all causes*. *Id.* § 50-6-102(12) (Emphasis added).

Ms. Lee offered the opinion of Dr. Buechner, who concluded that her acute findings were caused by her work injury at Amazon. However, he also noted that Ms. Lee had chronic findings in her shoulder.

Amazon relied on Dr. Jones's opinion, who determined that Ms. Lee's work injury at Amazon did not, more than 50%, cause her current need for treatment. As the authorized

---

[1] Amazon also raised a possible temporary total disability overpayment issue but it will argue that at a compensation hearing if appropriate.

treating physician, his opinion is presumed correct on the issue of causation and medical necessity. *Id.* §§ 50-6-102(E), 50-6-204(a)(3)(H).

Dr. Buechner's causation opinion, with no further explanation, is not enough to rebut Dr. Jones's presumption. Dr. Buechner states that Ms. Lee's rotator cuff tear "may" have an acute aspect. Additionally, he notes that her imaging shows both chronic and acute findings but does not explain whether the work incident at Amazon primarily caused her current need for treatment.

Ms. Lee also sought temporary total disability benefits. To be entitled to these benefits, she must prove: (1) she became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Ms. Lee failed to meet these elements. Specifically, she failed to establish the period of her disability. She testified that she did not receive payments between July and September 2023, but she did not submit any proof that a doctor took her off work for those months. In fact, she testified that she worked for a different employer during those same months. The only doctor who addressed her work status was Dr. Riley, and each time he saw her he returned her to work the same day.

Therefore, the Court finds that Ms. Lee is not likely to prove entitlement to additional benefits at a hearing on the merits.

**IT IS THEREFORE ORDERED** as follows:

1. The Court denies Ms. Lee's request for benefits at this time.

2. The Court sets a status conference for **March 23, 2026, at 1:30 p.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED January 28, 2026.**



_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Medical Records – Dr. Riley Jones and Christ Community Health
2. Medical Records – Dr. David Buechner
3. *[For Identification Only]* Physical Therapy Records – Paragon Medical Group
4. *[For Identification Only]* Medical Bills – Paragon Medical Group
5. First Report of Injury
6. Temporary Total Disability Benefit Ledger paid by Amazon
7. *[For Identification Only]* Discovery Responses of Ms. Lee
8. Affidavit of Ms. Lee


## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 28, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Olufemi Salu, Employee's Attorney | X | salu@salulawfirm.com |
| Tiffany Hranicky Lauren Gray, Employer's Attorney | X | tbhranicky@mijs.com<br>lngray@mijs.com<br>melarrimore@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*